# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 6:13cr00011-1 |
| ) | |
| v. ) | **2255 MEMORANDUM OPINION** |
| ) | |
| JEFFREY LAWSON MCCORMICK, ) | By: Norman K. Moon |
|    Petitioner. ) | United States District Judge |

This matter is before me on petitioner Jeffrey Lawson McCormick's letter which I construe as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. McCormick challenges his drug conviction and sentence, alleging that counsel provided ineffective assistance. Upon review of the § 2255 motion and the record in the McCormick's criminal case, I conclude that the instant motion must be dismissed without prejudice as premature because McCormick's direct appeal is still pending.[1]

## I.

McCormick pled guilty to manufacturing 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). I accepted his guilty plea and, on October 23, 2013, entered judgment, sentencing McCormick to a term of 166 months incarceration. Thereafter, McCormick filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit and his appeal is still pending. *See United States v. McCormick*, No. 13-4951 (4th Cir. filed Dec. 12, 2013).

## II.

It is well established that, absent extraordinary circumstances, a federal district court should not consider a § 2255 motion while a petitioner's direct appeal is still pending. *See*

---

[1] Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, a district court may dismiss a § 2255 motion without requiring an answer if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ."

*Bowen v. Johnson*, 306 U.S. 19, 26-27 (1939); *United States v. Cook*, 997 F.2d 1312, 1319 (10th Cir. 1993); *United States v. Gordon*, 634 F.2d 638, 638-39 (1st Cir. 1980); *Welsh v. United States*, 404 F.2d 333 (5th Cir. 1968); *United States v. Davis*, 604 F.2d 474, 484 (7th Cir. 1979); *United States v. Taylor*, 648 F.2d 565, 572 (9th Cir. 1981); *United States v. Khoury*, 901 F.2d 975, 976 (11th Cir. 1990); *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968); *United States v. Tanner*, 43 F.App'x 724, 725 (4th Cir. 2002). Whether extraordinary circumstances exist is a question answered by balancing the need for speedy relief against the need for conservation of judicial resources. *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993); *Davis*, 604 F.2d at 485. In this case, McCormick does not allege any extraordinary circumstances warranting noncompliance with this general rule. Consequently, I find that McCormick's § 2255 motion is prematurely filed.

### III.

For the reasons stated, I will dismiss McCormick's § 2255 motion without prejudice.

**ENTER:** This 9th day of January, 2014.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE